# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. WASHINGTON,<br><br>             Plaintiff,<br><br>    v.<br><br>G. GARCIA, et al.,<br><br>             Defendants. | Case No. 1:15-cv-01805 DLB PC<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br><br>THIRTY-DAY DEADLINE |

Plaintiff Michael A. Washington ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 2, 2015. He names Kern Valley State Prison ("KVSP") Correctional Sergeant G. Garcia and KVSP Correctional Officer R. Niino as Defendants.[1]

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---
[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 15, 2015.

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Institution. The events at issue occurred at KVSP.

Plaintiff alleges that on January 18, 2014, he and his cellmate were sitting, handcuffed, in their cell after a cell search. They called Defendant Garcia to the door, showed him the condition of the cell and asked him to contact the Lieutenant so that their damaged property could be documented.

Defendant Garcia returned approximately ten to fifteen minutes later. The cell door opened and Defendant Garcia walked in, grabbed Plaintiff's cellmate by the neck, dragged him out of the cell onto his back and sprayed him in the face with pepper spray. Defendant Garcia then went back into the cell, put the pepper spray to Plaintiff's face while Plaintiff sat on the toilet and sprayed him twice in the face. Defendant Garcia then slammed Plaintiff to the ground and dragged him out of the cell.

Plaintiff states that Defendant Niino failed to intervene.

### C. DISCUSSION

#### 1. Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff's allegations are sufficient to state a claim for violation of the Eighth Amendment against Defendant Garcia.

#### 2. Eighth Amendment- Failure to Intervene

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v.

1  Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Here, Plaintiff alleges that Defendant Niino failed to stop the attack by Defendant Garcia. He does not provide any facts, however, to further describe the failure. Without facts, the Court cannot determine whether Defendant Niino had a realistic opportunity to intervene, but failed to so do.

Plaintiff therefore fails to state a claim against Defendant Niino.

### D. CONCLUSION AND ORDER

Plaintiff's complaint states an Eighth Amendment claim against Defendant Garcia. He does not state any further claims against any other Defendant.

The Court will grant Plaintiff an opportunity to amend to cure those deficiencies which Plaintiff believes, in good faith, are curable. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendant Garcia on the Eighth Amendment claim, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The other claim, and Defendant Niino, will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations

///

must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey</u>, 693 F.3d at 907, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, <u>if he believes that he can do so in good faith</u>, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Garcia on the Eighth Amendment claim;
3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **February 26, 2016**                    /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE