1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL A. WASHINGTON,             )    Case No.: 1:15-cv-01805-LJO-SAB (PC)

                                             )

12             Plaintiff,                    )

                                             )    ORDER DENYING, WITHOUT PREJUDICE,

13             v.                        )    PLAINTIFF'S MOTION FOR APPOINTMENT

                                             )    OF COUNSEL

14    G. GARCIA, et al.,                     )

                                             )    [ECF No. 19]

15             Defendants.             )

                                              )

16    _____ )

17         Plaintiff Michael A. Washington is appearing pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19         Currently before the Court is Plaintiff's motion for the appointment of counsel, filed

20    September 26, 2016.

21         Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

22    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

23    plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern

24    District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court

25    may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at

26    1525.

27         Without a reasonable method of securing and compensating counsel, the court will seek

28    volunteer counsel only in the most serious and exceptional cases. In determining whether

1    "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

2    merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

3    legal issues involved."  Id.  (internal quotation marks and citations omitted).

4            The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood

5    of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the

6    complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

7    1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most

8    prisoners, such as lack of legal education and limited law library access, do not establish exceptional

9    circumstances that would warrant a request for voluntary assistance of counsel.  In the present case,

10   the Court does not find the required exceptional circumstances.  Accordingly, Plaintiff's motion for

11   appointment of counsel will be DENIED without prejudice.

12

13   IT IS SO ORDERED.

14   Dated:    **September 29, 2016**                    _____

15                                                       UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28